PREFERRED MERCANTILE CO. of BOSTON et al. v. HIBBARD, Postmaster.

(Circuit Court, D. Massachusetts. June 29, 1905.)

POST OFFICE—FRAUD ORDERS—LOTTERY SCHEME.

A scheme conducted by a company by the issuance and sale of so-called "diamond leases," numbered consecutively in order of their issuance and arranged in series, each purchaser being required to make a certain number of weekly payments, and the fund thus created to be applied in fixed proportions to the payment of the expenses of the company and the redemption of the oldest outstanding lease in the same series and in prior series by purchasing and delivering to each holder a diamond of a stated weight and value, there being no other fund applicable to such redemption, except that arising from such weekly payments and from fines and forfeitures on account of lapses, is a lottery or scheme for the distribution of property by lot or chance, within the meaning of Rev. St. §§ 3929, 4041, as amended by Act Sept. 19, 1890, c. 908, §§ 2, 3, 26 Stat. 466 [U. S. Comp. St. 1901, pp. 2686, 2749], authorizing the Postmaster General to deny the privileges of the mails and of the money order and registered letter service to any person or company conducting such schemes.

[Ed. Note.—Use of mails in lottery schemes, see note to Timmons v.. United States, 30 C. C. A. 90.]

In Equity. Suit for injunction.

This was a bill in equity brought by the Preferred Mercantile Company of Boston, a corporation, and George E. Stillings, and Guy C. Stillings, respectively, president and secretary of the corporation, against George A. Hibbard, as Postmaster of the United States at Boston, for the purpose of restraining the respondent from enforcing the provisions of a so-called "fraud order" issued by the Postmaster General against the Preferred Mercantile Company and its officers or agents as such, under the authority of Rev. St. §§ 3929, 4041, as amended. [U. S. Comp. St. 1901, pp. 2686, 2749.]

The respondent pleaded that the business of the company, as set forth

in their bill, was a lottery and scheme for the distribution of money and personal property by chance, and an enterprise offering prizes dependent upon chance, and was in violation of the provisions of Rev. St. § 3894, as amended. [U. S. Comp. St. 1901, p. 2659.]

The facts disclosed by the complainants' bill were substantially as follows:

The Preferred Mercantile Company of Boston was incorporated November 11, 1903, under the laws of Massachusetts for the purpose, as its charter declared, of "dealing in diamonds, buying and selling the same, acquiring such real and personal estate and other property as the interests of the corporation my require, and doing all things which may be useful or incidental to such purpose, or convenient or necessary for the carrying on of said business." Its sole business was the issuance and sale of certain so-called "Diamond Leases";[1] the course of such business being as follows:

Applications for leases were made in writing at the main office of the company, or to its agents in other parts of the country. The exact time of application was noted in each case, and the lease subsequently issued to the applicant from the home office. The leases ran in series. The order of issuance in the series, as well as the order of redemption, as hereinafter stated, was determined by the chronological order of application. The number of leases in each series was arbitrarily determined by the managers of the company.

By the terms of the contract the holder agreed to pay to the company $110 in weekly installments of $1 each, and agreed that, if he should fail to pay each installment when due, he should forfeit 25 cents as a fine for each week in default up to the fifth week, after which time the lease should, because of the default, become void, and all payments theretofore made should be forfeited as "liquidated damages."

The company agreed that upon the completion of payments by the holder the lease should be deemed "fully paid up and nonforfeitable," and the holder should be entitled to "redemption"; that is, to receive a diamond of the retail value of $200 (or at his option $160 in cash) at such time as the amount of money in the hands of the company to the credit of his lease should equal the sum of $200.

The company had no invested funds, and no resources other than the payments of the leaseholders as aforesaid.

Each installment was appropriated as follows: (1) 35 cents to the redemption fund of the series to which the lease belonged; (2) 35 cents to the redemption fund of the next preceding series; (3) 10 cents to a contingent fund for the redemption of the oldest unredeemed leases of the oldest unredeemed series; (4) 20 cents, together with the difference between the retail value of the diamonds and the wholesale price, to defray the cost of managing the business.

All moneys forfeited by delinquent leaseholders, together with the fines and fees of $1 each, charged for the transfer of leases on the books of the company, were appropriated to the redemption fund of the series to which the lease belonged.

The case was argued upon the bill and plea.

Asa P. French and James S. Allen, Jr., for complainants.
William H. Garland, Assist. U. S. Atty., for respondent.

LOWELL, Circuit Judge. Following the decision of the Supreme Court in Public Clearing House v. Coyne, 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092, from which this case is indistinguishable, I hold the complainants' business to be a lottery.

Bill to be dismissed.

---

[1] The applications and contracts used by complainant were in the form set out post, pp. 879–882.

**Application to the**

# PREFERRED MERCANTILE COMPANY

Incorporated under the laws of Massachusetts.

Authorized Capital, $100,000.00

**HOME OFFICE: BOSTON, MASSACHUSETTS**

I, .................................................................., the undersigned, hereby make application for the purchase by

me, and the sale to me of .........two carat diamond......

This application is made for a lease, or leases, of even date herewith, said lease or leases to be delivered on or after the signing

of this application subject to the approval of the Company, and on each of said leases I have paid the sum of $...............................
I hereby agree to pay an installment of $1.00 on each lease on or before the last day of each calendar week, beginning with the
date hereof, until maturity, pursuant to terms and conditions of said lease under penalty of forfeiture, hereby waiving all notice,
and it is understood and agreed by the applicant hereto that each lease issued hereon is one of a series of leases embracing all the
Diamond Leases issued by the Preferred Mercantile Company, and that the weekly installments paid on said leases are to be
applied as provided in said lease.

I understand that the Agent taking my application is not authorized to collect more than the first Five payments of $1.00 each
on each lease applied for and that the weekly installments are to be paid or remitted as per instructions to be received from the
Company.

This application is made with the full knowledge of all the provisions contained in said lease and published literature of the
Company, and said Company shall not be held responsible for agents' statements at variance therewith.

**IN WITNESS WHEREOF, I have hereunto set my hand this........................................day of...........................190.......**

.Applicant must sign in person...................................................................................................................................

Address:  City of.................................................................................. State.................................................

Number and Street......................................................................................................................................

Payments to be made.....................................       ....................................       ...................................Agent.

SERIES ........................

Incorporated under the Laws of Massachusetts.
Authorized Capital Stock, $100,000.00.

PREFERRED MERCANTILE CO.
BOSTON                    MASS.

DIAMOND LEASE

THIS LEASE IS ONE OF A SERIES OF LIKE LEASES EMBRACING
ALL THIS SERIES AND ALL THE LEASES PREVIOUSLY WRITTEN.

**Know all Men by these Presents,** that if

the holder hereof, shall first well and truly make each and all the payments herein provided for, to be made by the holder hereof at the times and in the manner herein specified, time, manner and the amount of payments being of the essence hereof, The Preferred Mercantile Company, of Boston, Mass., will deliver to the holder hereof, or estate, under and according to the terms and conditions and in the manner and order hereinafter set forth, commercial white, clear and flawless diamonds at the rate and value of One Hundred Dollars ($100.00) per carat retail, as set forth in the maturity table attached hereto and made a part of this lease.

The holder hereof promises and agrees to pay to the Company, at its home office in the city of Boston, Mass., the full sum of One Hundred and Ten Dollars ($110.00) in the following manner, to-wit: One Dollar ($1.00) on the delivery hereof, the receipt of which is hereby acknowledged, and a weekly installment of One Dollar ($1.00) per week, on or before the last day of each calendar week following the date hereof, until the full sum of One Hundred and Ten Dollars ($110.00) is paid, unless this lease is redeemed prior to that period. If the holder hereof shall fail to pay any of the said installments within the week in which it is payable, the said delinquent installment, together with the additional sum of twenty-five cents ($0.25) for each week in default, may be paid at any time before the end of the next succeeding fifth calendar week; but, if the holder hereof shall fail or neglect to pay any of the said weekly installments at the time and in the manner herein provided, and shall continue in such default for more than five consecutive weeks, then, and in that event, this lease shall, because of said default become and be wholly null and void, and all payments theretofore made hereon shall be forfeited as liquidated damages.

It is further expressly provided and agreed that this lease is issued and accepted, subject to the terms and conditions endorsed on the back hereof.                    In WITNESS WHEREOF, The Preferred Mercantile Company has caused this lease to be signed by the President and Secretary, and its corporate seal to be hereto attached, this _____ day of _____ A. D. 190____

CORPORATE
SEAL
1905

_Secretary._                    _President._

Countersigned by _____ _Agent._

## TERMS AND CONDITIONS.

The weekly installments having been paid hereon to and inclusive of One Hundred and Ten Dollars ($110.00), this lease shall be deemed fully paid up and non-forfeitable, and the holder shall be entitled to receive the diamonds herein described, provided, however, that if at such time the amount in the hands of the Company to the credit of this lease is not equal to the sum of Two Hundred Dollars ($200.00) as heretofore provided, then the diamonds shall not be delivered until the amount to the credit hereof shall equal that sum.

The Company shall employ of each weekly installment paid in on this and other leases of the series to which this lease belongs, and the leases of the last previously written series (exclusive of the first five), seventy cents ($0.70), together with the lapses, fines and transfer fees accruing thereunder in the purchase and delivery of the diamonds required for the performance of such leases; ten cents ($0.10) shall constitute a contingent fund to be used exclusively and paid out weekly in the performance of the oldest outstanding, unredeemed leases, of the oldest, unredeemed series; and twenty cents ($0.20), together with the difference between the retail value of said diamonds and the wholesale price, or the amount actually paid or expended in the performance of said lease to defray the cost of managing the business.

This lease is transferable, but no transfer will be recognized by the Company unless first registered by the Company, for which registration a fee of One Dollar ($1.00) shall be charged.

The holder of this lease shall be entitled to the benefits hereinafter specified.

FIRST—The Company reserves the right to call in and redeem this lease at any time prior to the final maturity period.

SECOND—When this lease is called in and redeemed, all installments thereon shall cease, and the holder hereof agrees to deliver up this lease for redemption at any time upon demand of the Company, when reached in order of redemption.

THIRD—The Company agrees to call in and redeem as many of the oldest outstanding, unredeemed leases of this, and the leases of the last previously written series, as the funds will permit, each week (applying equally to the redemption thereof one-half of the maturity fund to each series), by the delivery of a commercial white, clear and flawless diamond of the proper weight and value, for the week in which the redemption occurs as shown in the maturity table hereto attached and made a part of this lease.

*FOURTH—The lapses, fines and transfer fees of each series shall apply solely to the series in which they occur.

FIFTH—This lease is issued and accepted by the Company with the express understanding that the holder hereof has signed an application of even date herewith, for the purchase of a two-carat diamond, and that the agent selling this lease has countersigned same.

The payments on this lease are payable as designated in a letter of instructions sent upon receipt at the home office of the coupon hereto attached. No further notice of payments falling due will be given; neither is it permitted for collectors to make personal calls to collect.

## WEEKLY MATURITY TABLE.

| Week. | Installments | Wt. of Diamond | Cash Value. | Profit. |
|---|---|---|---|---|
| 20 | $ 20 00 | 20-55 | $ 29 09 | $ 9 09 |
| 21 | 21 00 | 21-55 | 30 54 | 9 54 |
| 22 | 22 00 | 22-55 | 32 00 | 10 00 |
| 23 | 23 00 | 23-55 | 33 45 | 10 45 |
| 24 | 24 00 | 24-55 | 34 90 | 10 90 |
| 25 | 25 00 | 25 55 | 36 38 | 11 38 |
| 26 | 26 00 | 26 55 | 37 81 | 11 81 |
| 27 | 27 00 | 27-55 | 39 27 | 12 27 |
| 28 | 28 00 | 28-55 | 40 72 | 12 72 |
| 29 | 29 00 | 29-55 | 42 15 | 13 15 |
| 30 | 30 00 | 30-55 | 43 63 | 13 63 |
| 31 | 31 00 | 31-55 | 45 09 | 14 09 |
| 32 | 32 00 | 32-55 | 46 54 | 14 54 |
| 33 | 33 00 | 33 55 | 48 00 | 15 00 |
| 34 | 34 00 | 34-55 | 49 45 | 15 45 |
| 35 | 35 00 | 35-55 | 50 90 | 15 90 |
| 36 | 36 00 | 36-55 | 52 35 | 16 36 |
| 37 | 37 00 | 37-55 | 53 81 | 16 81 |
| 38 | 38 00 | 38-55 | 55 27 | 17 27 |
| 39 | 39 00 | 39 55 | 56 72 | 17 72 |
| 40 | 40 00 | 40 55 | 58 18 | 18 18 |
| 41 | 41 00 | 41-55 | 59 63 | 18 63 |
| 42 | 42 00 | 42-55 | 61 09 | 19 09 |
| 43 | 43 00 | 43 55 | 62 54 | 19 54 |
| 44 | 44 00 | 44-55 | 64 00 | 20 00 |
| 45 | 45 00 | 45 55 | 65 45 | 20 45 |
| 46 | 46 00 | 46-55 | 66 90 | 20 90 |
| 47 | 47 00 | 47 55 | 68 36 | 21 36 |
| 48 | 48 00 | 48-55 | 69 81 | 21 81 |
| 49 | 49 00 | 49-55 | 71 27 | 22 27 |
| 50 | 50 00 | 50-55 | 72 72 | 22 72 |
| 51 | 51 00 | 51-55 | 74 18 | 23 18 |
| 52 | 52 00 | 52-55 | 75 63 | 23 63 |
| 53 | 53 00 | 53 55 | 77 09 | 24 09 |
| 54 | 54 00 | 54-55 | 78 54 | 24 54 |
| 55 | 55 00 | | 80 00 | 25 00 |
| 56 | 56 00 | 1 1-55 | 81 45 | 25 45 |
| 57 | 57 00 | 1 2-55 | 82 90 | 25 90 |
| 58 | 58 00 | 1 3 55 | 84 36 | 26 36 |
| 59 | 59 00 | 1 4 55 | 86 81 | 26 81 |
| 60 | 60 00 | 1 5-55 | 87 27 | 27 27 |
| 61 | 61 00 | 1 6-55 | 89 72 | 27 72 |
| 62 | 62 00 | 1 7-55 | 90 18 | 28 18 |
| 63 | 63 00 | 1 8 55 | 91 63 | 28 63 |
| 64 | 64 00 | 1 9 55 | 93 09 | 29 09 |
| 65 | 65 00 | 1 10-55 | 94 54 | 29 54 |
| 66 | 66 00 | 1 11 55 | 96 00 | 30 00 |
| 67 | 67 00 | 1 12 55 | 97 45 | 30 45 |
| 68 | 68 00 | 1 13-55 | 98 90 | 30 90 |
| 69 | 69 00 | 1 14-55 | 100 36 | 31 36 |
| 70 | 70 00 | 1 15 55 | 101 81 | 31 81 |
| 71 | 71 00 | 1 16 55 | 103 27 | 32 27 |
| 72 | 72 00 | 1 17-55 | 104 72 | 32 72 |
| 73 | 73 00 | 1 18 55 | 106 18 | 33 18 |
| 74 | 74 00 | 1 19 55 | 107 63 | 33 63 |
| 75 | 75 00 | 1 20-55 | 109 09 | 34 09 |
| 76 | 76 00 | 1 21 55 | 110 54 | 34 54 |
| 77 | 77 00 | 1 22-55 | 112 00 | 35 00 |
| 78 | 78 00 | 1 23 55 | 113 45 | 35 45 |
| 79 | 79 00 | 1 24 55 | 114 90 | 35 90 |
| 80 | 80 00 | 1 25-55 | 116 38 | 36 38 |
| 81 | 81 00 | 1 26-55 | 117 81 | 36 81 |
| 82 | 82 00 | 1 27-55 | 119 27 | 37 27 |
| 83 | 83 00 | 1 28-55 | 120 72 | 37 72 |
| 84 | 84 00 | 1 29-55 | 122 18 | 38 18 |
| 85 | 85 00 | 1 30-55 | 123 63 | 38 63 |
| 86 | 86 00 | 1 31-55 | 125 09 | 39 09 |
| 87 | 87 00 | 1 32 55 | 126 54 | 39 54 |
| 88 | 88 00 | 1 33-55 | 128 00 | 40 00 |
| 89 | 89 00 | 1 34-55 | 129 45 | 40 45 |
| 90 | 90 00 | 1 35-55 | 120 90 | 40 90 |
| 91 | 91 00 | 1 36-55 | 132 36 | 41 36 |
| 92 | 92 00 | 1 37-55 | 133 81 | 41 81 |
| 93 | 93 00 | 1 38-55 | 135 27 | 42 27 |
| 94 | 94 00 | 1 39-55 | 136 72 | 42 72 |
| 95 | 95 00 | 1 45-55 | 133 18 | 43 18 |
| 96 | 96 00 | 1 41-55 | 139 63 | 43 63 |
| 97 | 97 00 | 1 42-55 | 141 09 | 44 09 |
| 98 | 98 00 | 1 43-55 | 142 54 | 44 54 |
| 99 | 99 00 | 1 44-55 | 144 00 | 45 00 |
| 100 | 100 00 | 1 45-55 | 145 45 | 45 45 |
| 101 | 101 00 | 1 46-55 | 146 90 | 45 90 |
| 102 | 102 00 | 1 47-55 | 148 36 | 46 36 |
| 103 | 103 00 | 1 48-55 | 149 81 | 46 81 |
| 104 | 104 00 | 1 49-55 | 151 27 | 47 27 |
| 105 | 105 00 | 1 50-55 | 152 72 | 47 72 |
| 106 | 106 00 | 1 51-55 | 154 18 | 48 18 |
| 107 | 107 00 | 1 52-55 | 155 63 | 48 63 |
| 108 | 108 00 | 1 53-55 | 157 09 | 49 09 |
| 109 | 109 00 | 1 54-55 | 158 54 | 49 54 |
| 110 | 110 00 | 2 | 160 00 | 50 00 |

Leases called for redemption prior to the twentieth week
will be paid in proportion.